# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO LAMONT CLEVELAND, SR., <br><br> Petitioner, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | Case No. CV 17-08664-RAO <br><br> MEMORANDUM OPINION AND ORDER |

On November 30, 2017, Petitioner Domingo Lamont Cleveland, Sr. ("Petitioner") filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Dkt. No. 1. The parties have consented to proceed before a magistrate judge. Dkt. No. 12. After reviewing the Petition as well as the Answer and attached lodged documents, the Court DENIES the Petition.

## I. <u>INTRODUCTION</u>

On January 15, 2015, a Los Angeles County Superior Court jury found Petitioner guilty of second degree robbery, in violation of California Penal Code § 201, and battery with serious bodily injury, in violation of California Penal Code § 243(d). Clerk's Transcript ("CT") at 162. On February 6, 2015, the trial court held a bench trial on Petitioner's prior convictions and found that Petitioner had

suffered three prior strike convictions under California's Three Strikes law, and six prior convictions for which Petitioner served prison terms. *Id.* at 49, 165; 3 Reporter's Transcript ("RT") at 904-06. The trial court sentenced Petitioner to 37 years to life in state prison. CT at 184-87.

Petitioner appealed the conviction and the California Court of Appeal affirmed the conviction in a reasoned opinion on August 11, 2016.[1] Lodg. Nos. 4-7. Petitioner filed a petition for review, which the California Supreme Court denied without comment on October 19, 2016. Lodg. No. 9.

Petitioner filed the instant Petition on November 30, 2017. Dkt. No. 1. Respondent[2] filed an Answer to the Petition ("Answer") on February 13, 2018. Dkt. No. 9. Respondent also lodged the relevant state records. Dkt. No. 10. Petitioner did not file a traverse.

## II. <u>PETITIONER'S CLAIM</u>

Petitioner's only ground for relief is that the trial court abused its discretion in failing to grant Petitioner's request to strike his prior strike convictions. Pet. at 5, 14-17.

## III. <u>FACTUAL SUMMARY</u>

The Court adopts the factual summary set forth in the California Court of Appeal's unpublished decision affirming Petitioner's conviction:[3]

---

[1] The Court of Appeal directed the trial court to correct Petitioner's presentence custody credits and affirmed the judgment of conviction in all other respects. Lodg. No. 7 at 7-8.

[2] Although Petitioner named "The People of the State of California" as the respondent, Respondent provides that the proper respondent is Daniel Paramo, the prison warden of Petitioner's current facility.

[3] The Court "presume[s] that the state court's findings of fact are correct unless Petitioner rebuts that presumption with clear and convincing evidence." *Tilcock v. Budge*, 538 F.3d 1138, 1141 (9th Cir. 2008) (citations omitted); 28 U.S.C. § 2254(e)(1). Because Petitioner has not rebutted the presumption with respect to the underlying events, the Court relies on the state court's recitation of the facts. *Tilcock*, 538 F.3d at 1141. To the extent that an evaluation of Petitioner's claim

2

> At about 2:00 a.m. on February 20, 2013, [Petitioner] entered a 7–Eleven store in San Pedro, walked up to the counter, and told the cashier, "I got a gun and I want the money." [Petitioner] had one hand in his pocket. The cashier asked [Petitioner] if he was serious. [Petitioner] replied, "I got a gun. I'll shoot you."[4] The cashier gave [Petitioner] a "bunch" of one dollar bills, some five dollar bills and a ten dollar bill. [Petitioner] demanded that the cashier give him money from a second register as well. When the cashier stated that he did not have the password for that register, [Petitioner] threatened to shoot him. The cashier opened the register and gave [Petitioner] a "chunk of ones." [Petitioner] fled, but was soon captured by police.
>
> After the jury convicted [Petitioner] on the robbery charge now before us, the trial court found true the allegations that [Petitioner] had (1) sustained three prior serious or violent felony convictions within the meaning of the Three Strikes Law (Pen. Code,[5] §§ 667, subds. (b)-(i), 1170.12); (2) sustained two prior serious felony convictions within the meaning of section 667, subdivision (a); and (3) served six prior prison terms within the meaning of section 667.5, subdivision (b). The court sentenced [Petitioner] to a total term of 37 years to life in state prison, consisting of a term of 25 years to life for the robbery conviction pursuant to the Three Strikes Law, plus two five-year enhancement terms pursuant to section 667, subdivision (a), plus two one-year enhancement terms for the prior prison terms.

Lodg. No. 7 at 2-3.

///

///

---

depends on an examination of the trial record, the Court herein has made an independent evaluation of the record specific to his claim.

[4] [Petitioner] did not have a gun, but was merely pointing his finger inside his pocket. This became clear when he removed his hand from his pocket to pick up the cash from the second register.

[5] Undesignated statutory references that follow are to the Penal Code.

3

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). In particular, this Court may grant habeas relief only if the state court adjudication was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or was based upon an unreasonable determination of the facts. *Id.* at 100 (citing 28 U.S.C. § 2254(d)). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) (internal citation and quotations omitted).

A state court's decision is "contrary to" clearly established federal law if: (1) the state court applies a rule that contradicts governing Supreme Court law; or (2) the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court but nevertheless arrives at a result that is different from the Supreme Court precedent. *See Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). A state court need not cite or even be aware of the controlling Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

A state court's decision is based upon an "unreasonable application" of clearly established federal law if it applies the correct governing Supreme Court law but unreasonably applies it to the facts of the prisoner's case. *Williams*, 529 U.S. at 412-13. A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision

4

applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

In determining whether a state court decision was based on an "unreasonable determination of the facts" under 28 U.S.C. § 2254(d)(2), such a decision is not unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 175 L. Ed. 2d 738 (2010). The "unreasonable determination of the facts" standard may be met where: (1) the state court's findings of fact "were not supported by substantial evidence in the state court record"; or (2) the fact-finding process was deficient in some material way. *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012) (citing *Taylor v. Maddox*, 366 F.3d 992, 999-1001 (9th Cir. 2004)).

When a relevant state court decision on the merits does not come accompanied with reasons, a federal habeas court should "look through" to the last related state-court decision that provides a "relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. ——, 138 S. Ct. 1188, 1192, —— L. Ed. 2d —— (2018). There is a presumption that a claim that has been silently denied by a state court was "adjudicated on the merits" within the meaning of 28 U.S.C. § 2254(d), and that AEDPA's deferential standard of review therefore applies, in the absence of any indication or state-law procedural principle to the contrary. *See Johnson v. Williams*, 568 U.S. 289, 298, 133 S. Ct. 1088, 1094, 185 L. Ed. 2d 105 (2013) (citing *Richter*, 562 U.S. at 99).

Here, Petitioner raised his claim in both the California Court of Appeal and the California Supreme Court on direct appeal. *See* Lodg. Nos. 4, 8. The California Court of Appeal rejected the claim on the merits in a reasoned opinion, and the California Supreme Court denied the petition for review without comment or citation. *See* Lodg. Nos. 7, 9. Accordingly, under the "look through" doctrine, this claim is deemed to have been rejected for the reasons given in the last reasoned

decision on the merits, which was the Court of Appeal's decision. AEDPA deference applies to Petitioner's claim.

## V. DISCUSSION

### A. Petitioner's Claim Does Not Warrant Habeas Relief.

Petitioner contends that the trial court abused its discretion in failing to grant Petitioner's motion to strike his prior strike convictions. Pet. at 5. Petitioner argues that the trial court did not factor in that Petitioner can reasonably expect to die in prison before reaching his earliest parole eligibility date given his age. *Id.* at 15. Petitioner asserts that the prior strikes were remote and did not involve weapons. *Id.* Petitioner contends that he became distraught after receiving a diagnosis of HIV, which led to use of illegal drugs and the underlying robbery incident. *Id.* Petitioner also points to his diagnosis and treatment for schizophrenia and depression. *Id.* at 16. Petitioner requests the Court remand the case for resentencing with directions to grant Petitioner's motion to strike. *Id.*

#### 1. Background

The information alleged Petitioner had suffered three prior convictions of a serious or violent felony or juvenile adjudication qualifying as strikes under California's Three Strikes law: (1) a 1986 juvenile adjudication; (2) a 1991 conviction for robbery; and (3) a 1996 conviction for robbery. CT at 49. The information also alleged six prior convictions for which a prison term was served and that Petitioner did not remain free of prison custody for, and did commit an offense resulting in a felony conviction during, a period of five years subsequent to the conclusion of the prison terms. *Id*.

The prior conviction allegations were bifurcated and tried before the trial court on February 6, 2015. CT at 164. In support of the allegations, the prosecution presented certified case records for each prior case. *See id.*; 3RT at 902. The trial court found all special allegations as indicated in the information to

///

be true beyond a reasonable doubt. CT at 164. The trial court clarified that the 1986 juvenile adjudication was for robbery. 3RT at 904.

Petitioner filed a motion to strike the prior serious felony allegations pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996) ("*Romero* Motion"), which was heard by the trial court on April 15, 2015. CT at 177-83; 3RT at 1801-09. Petitioner argued that the trial court should strike his prior robbery convictions because they were remote in time and did not involve weapons. CT at 181; 3RT at 1803. Petitioner asserted that two of the strikes were suffered prior to the Three Strikes law coming into effect, and were guilty pleas. 3RT at 1803. Petitioner also contended that he had tried to turn his life around, but returned to using illegal drugs after he received a diagnosis of HIV-AIDS at the time of the incident underlying the instant criminal conviction. CT at 181. Petitioner argued that his actions were caused by the overriding drug addiction. 3RT at 1804. Petitioner also emphasized that the instant robbery did not involve a weapon. *Id.* Petitioner requested that he be given the least amount of time as the rest of his life was going to be brief due to his HIV-AIDS diagnosis. *Id.* at 1305.

The trial court denied Petitioner's *Romero* Motion. 3RT at 1808. The trial court reasoned that at the sentencing for Petitioner's 1996 conviction, the judge in that case had the option of treating the 1996 conviction as a third strike. *Id.* at 1806. The judge opted not to, giving Petitioner the chance to rehabilitate. *Id.* But Petitioner failed to rehabilitate and continued his "crime life" with additional convictions and the instant robbery. *Id.* at 1807. The trial court found that the current offense was of the same nature as his prior strike convictions. *Id.* Although the trial court expressed sympathy for Petitioner's HIV diagnosis, the court noted that the prison system had adequate facilities to treat Petitioner so that factor was of "no consequence." *Id.* at 1808. Taking the totality of these considerations, the trial court declined to strike any of the prior convictions. *Id.* The trial court sentenced Petitioner to 37 years to life in state prison. *Id.* at 1808-09; CT at 184.

## 2. The California Court of Appeal Opinion

The California Court of Appeal rejected Petitioner's claim, stating:

> [Petitioner] contends the trial court failed to give "due weight" to the mitigating factors in his case, which he describes as the remoteness of his prior strike convictions, the fact that he did not use a weapon in his prior or current robbery convictions, his "health, drug and emotional problems at the time of the current offense," and his desperation and lack of sophistication in the commission of the current offense. He also contends that the trial court should have considered that life expectancy charts suggest that he will die before becoming eligible for parole.
>
> The trial court was well aware of the dates of [Petitioner]'s prior convictions. As the trial court pointed out, however, [Petitioner] has not lived a crime free life since those convictions. [Petitioner] was convicted of his first adult strike conviction, for robbery, in 1991, and sentenced to 6 years in prison. He was paroled in April 1995, and arrested for robbery three months later.[6] [Petitioner] was convicted of the robbery charge in 1996 and sentenced to 11 years in prison. While in prison, in 2001, [Petitioner] was convicted of possession of a deadly weapon, a felony. He was released on parole in 2005, but was arrested again in 2007 for possession of a controlled substance and convicted of that charge and returned to prison in 2008. [Petitioner]'s prison records indicate he was ultimately discharged from parole for that offense in October 2012. He committed the current offense four months later, in February 2013. Thus, [Petitioner] has spent approximately spent 18 of the last 24 years in prison or local custody. (See *People v. Williams, supra*, 17 Cal.4th at p. 163 [passage of 13 years between prior strike conviction and current offense not a mitigating factor when defendant "did not refrain from criminal activity

---

[6] Parole dates are taken from the Department of Corrections and Rehabilitation's Chronological History of [Petitioner], part of a packet of documents from that department admitted into evidence at trial as People's Exhibit 52.

8

during that span of time, and he did not add maturity to age"].)

Although [Petitioner] apparently did not use a weapon in any of his three robbery convictions, robbery requires the taking to be accomplished by force or fear and is a serious felony under the law even when the defendant is not armed. (See § 1192.7, subds. (c)(19) & (26) [robbery alone is a serious felony but grand theft is serious crime only if it involves a firearm].) [Petitioner]'s lack of a weapon does not place him outside the spirit of the Three Strikes Law.

Just as the nature and circumstances of [Petitioner]'s present and prior convictions do not place him outside the spirit of the Three Strikes Law, nor do [Petitioner]'s personal characteristics. [Petitioner] contends that he had overcome his drug addiction and only returned to using drugs after receiving a recent HIV–AIDS diagnosis. [Petitioner] has not provided any dates for any of these events, or any supporting documentation and witnesses. The record shows [Petitioner]'s first adult conviction for possession of a controlled substance was in 1989 and his most recent one was in 2008. There is nothing in the record on appeal to demonstrate that [Petitioner] ever participated in drug treatment, let alone participated successfully. [Petitioner] has simply failed to demonstrate that he was drug free for any substantial period of time. "[D]rug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment. (Compare *People v. Simpson* (1979) 90 Cal.App.3d 919, 926–928, with *People v. Regalado* (1980) 108 Cal.App.3d 531, 538–540, and *People v. Reyes* (1987) 195 Cal.App.3d 957, 960–964, and cases there cited.)" (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.)

[Petitioner]'s mental health issues are documented in his prison records, but he has not sufficiently explained how his mental health issues place him outside the spirit of the Three Strikes Law. In particular, [Petitioner] told the probation officer that he was receiving medication for

> these conditions, and it is therefore unclear how or indeed whether [Petitioner]'s mental health issues relate to his continued criminality.
>
> [Petitioner] argued in the trial court that his reduced life expectancy, presumably due to his health problems, was a factor in mitigation. On appeal, he argues that even if he could expect an average life span, he would still die before becoming eligible for parole under his current sentence. We find the argument unconvincing under the applicable standard of review. If anything, [Petitioner]'s age combined with his extensive criminal history reinforces the presumption that he is incorrigible and is within the spirit of the statutory scheme California voters saw fit to enact. (See *People v. Vargas*, *supra,* 59 Cal.4th at p. 638 [three strikes law presumes a defendant who has committed a third qualifying felony "is incorrigible and requires a life sentence"].)
>
> As the trial court pointed out, [Petitioner] was given multiple opportunities for rehabilitation during his life. He received probation for his first adult offense. He had numerous periods of parole. For reasons that are not clear from the record, [Petitioner] received a sentence of 11 years in state prison for his 1995 robbery conviction, although he was apparently eligible for a much longer sentence under the Three Strikes Law. The trial court was accordingly within its discretion to decide [Petitioner] had not shown he falls outside the spirit of the Three Strikes Law and to deny his *Romero* motion accordingly.

Lodg. No. 7 at 5-7.

### 3. Analysis

It is well established that sentencing error claims solely involving the interpretation or application of state sentencing law are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Thus, Petitioner's claim that

the trial court abused its discretion in denying his *Romero* Motion is not generally a cognizable claim on federal habeas review. *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *vacated on other grounds*, *Mayle v. Brown*, 538 U.S. 901 (2003); *Ely v. Terhune*, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000) (finding that petitioner's claim that the trial court abused its discretion by refusing to strike a prior strike conviction was not a cognizable federal habeas claim).

However, a misapplication of state sentencing law may violate due process if the error is "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). Therefore, Petitioner's claim is not cognizable absent a showing that there was an "arbitrary or capricious" sentencing error.[7]

Under California Penal Code section 1385, a trial court may strike prior felony conviction allegations for purposes of sentencing under California's Three Strikes law. *Romero*, 13 Cal. 4th at 504. The trial court may strike a sentencing allegation only "in the furtherance of justice," which requires consideration of both "the constitutional rights of the defendant, and *the interests of society represented by the People.*" *Id.* at 530 (emphasis in original).

---

[7] A claim that Petitioner's sentence constituted cruel and unusual punishment in violation of the Eighth Amendment would be a cognizable federal habeas claim. Petitioner does not raise an Eighth Amendment claim in his Petition, nor does he argue that his sentence was disproportionate to the crime committed. Petitioner also did not raise an Eighth Amendment claim in his direct appeal to the Court of Appeal. *See* Lodg. Nos. 4, 6. Although Petitioner did raise an Eighth Amendment claim in his petition for review to the California Supreme Court, *see* Lodg. No. 8, Petitioner did not attach the state court petition for review to his Petition. As such, the Petition cannot be construed as raising an Eighth Amendment claim and the Court declines to address the merits of such a claim.

Here, the appellate court, in reviewing the trial court's decision, considered the allegedly mitigating factors presented by Petitioner, including the remoteness of the convictions, the fact that Petitioner did not use a weapon in his robbery convictions, and Petitioner's age and mental and physical health. Lodg. No. 7 at 5-7. The Court of Appeal found, taking into consideration all of the relevant factors, that the trial court was within its discretion in finding that Petitioner did not fall outside the spirit of the Three Strikes law and denying the *Romero* Motion. *Id.* at 7. The Court of Appeal's holding that the trial court properly applied California state law is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Additionally, Petitioner has not made any showing that the state court's conclusion was arbitrary or capricious. Although Petitioner's prior strike convictions were remote, Petitioner served prison sentences following those convictions and committed other felony crimes such that he had not been out of prison for more than five years since 2001. *See* CT at 49, 165; 3RT at 905-06. The Court of Appeal noted that Petitioner had spent 18 of the last 24 years in prison or local custody. Lodg. No. 7 at 5. All of Petitioner's prior strike convictions were for robbery, the same offense as the underlying offense for the instant criminal conviction. Petitioner had also been provided the chance to avoid the harsh effects of the Three Strikes law when he was sentenced for his 1996 robbery conviction. *See* 3RT at 1805-06. Yet Petitioner continued to commit crimes and was convicted of the instant robbery offense, indicating a failure to rehabilitate. Given his criminal history, Petitioner has not shown that the California courts' denial of his *Romero* Motion and subsequent appeal was fundamentally unfair.

///

///

In sum, the California state courts' rejection of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Accordingly, the Petition does not merit federal habeas relief.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

DATED: August 7, 2018

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE